IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CONSTANCE MCLEMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-00555-TMP |
| ) | |
| ENTERPRISE HOLDINGS, LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

This matter is before the court on the defendant's Partial Motion to Dismiss and the Amendment to Partial Motion to Dismiss. (Docs. 8, 37). Enterprise Holdings, LLC ("Enterprise" or "Defendant") filed the amendment to the motion on November 27, 2018 seeking the court's dismissal of Constance McLemore's ("Plaintiff" or "McLemore") claim under the American with Disabilities Act ("ADA"). Enterprise argues that the plaintiff's claim under the ADA is due to be dismissed as untimely. The plaintiff responded to the motion on January 14, 2019. (Doc. 48). The parties have consented to the dispositive jurisdiction of the Magistrate Judge in accordance with § 636(c).

# STANDARD OF REVIEW

On a motion to dismiss, the court must accept as true all of the facts alleged in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-51, 173 L. Ed. 2d 868 (2009). Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Liberal notice pleading standards embodied in Rule 8(a) "do not require that a plaintiff specifically plead every element of a cause of action," Roe v. Aware Woman Ctr. For Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001), or set out in precise detail the specific facts upon which he bases his claim. The complaint must only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (quoting In re Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

The Supreme Court clarified the threshold for a sufficient pleading in Bell Atlantic Corp. v. Twombly. 550 U.S. 544, 570, 127 S. Ct. 1955, 1965 (2007) (rejecting the standard from Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that any "conceivable" set of facts supporting relief is sufficient to withstand a motion to dismiss). To show that "the pleader is entitled to relief," under Rule 8(a)(2), the complaint must allege facts that "plausibly" demonstrate a viable cause of action. The threshold of plausibility is met when the plaintiff

"pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). To withstand scrutiny under Rule 12(b)(6) a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and that will thus "nudge [his] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The Eleventh Circuit Court of Appeals has explained that the principles set forth in Twombly and Iqbal require the complaint to set forth sufficient facts that "raise a right to relief above the speculative level." Speaker v. U.S. Dep't of Health and Human Servs. Centers for Disease Control and Prevention, 623 F.3d 1371, 1380 (11th Cir. 2010).

"'Generally, the existence of an affirmative defense will not support a motion to dismiss.' Quiller v. Barclays Am./Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984) aff'd and reinstated on reh'g, 764 F.2d 1400 (11th Cir. 1985) (*en banc*). In some cases, however, '[a] complaint may be dismissed if an affirmative defense ... appears on the face of the complaint.' Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)." Hunt v. Aimco Properties, L.P., 814 F.3d 1213, 1225 (11th Cir. 2016). Whether a plaintiff has filed a timely complaint following an EEOC investigation is an affirmative defense the defendant must plead and

prove. The plaintiff is not required to affirmatively plead the timeliness of her complaint. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir.2004); Abraham v. Greater Birmingham Humane Soc'y, Inc., No. 2:11-CV-04358-SLB, 2014 WL 1043230, at *1 (N.D. Ala. Mar. 17, 2014). Although the timely filing of a charge of discrimination with the Equal Employment Opportunity Commissions is not a jurisdictional requirement, see Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 1132, 71 L. Ed. 2d 234 (1982), it is statutory procedural precondition to suit the court may require the plaintiff to demonstrate.

Moreover, the court may consider and decide factual questions related to non-exhaustion of administrative remedies if "(1) the factual disputes do not decide the merits of the claims and (2) the parties have had sufficient opportunity to develop the record." Tillery v. U.S. Dep't of Homeland Sec., 402 F. App'x 421, 423 (11th Cir. 2010). "Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense… is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'" Bryant v. Rich 530 F.3d 1368, 1374 (11th Cir. 2008) (quoting Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368–69 (9th Cir.1988)). For that reason, the court may require the plaintiff to produce evidence of her filings with the EEOC.

# **FACTS**

Plaintiff filed her complaint alleging violations of the Family Medical Leave Act and the Americans with Disabilities Act in connection with her employment and termination from Enterprise on April 6, 2018. (Doc. 1). In a Proposed Amended Complaint attached to a motion for leave to amend, Plaintiff also refers to a claim of race discrimination; however, her original complaint clearly does not allege race discrimination. Despite being ordered to properly file an amended complaint, the plaintiff failed to do so.[1] (Doc. 32, 34). On May 14, 2018, defendant filed a partial motion to dismiss on the grounds that plaintiff failed to exhausted her administrative remedies. (Doc. 8). After numerous orders to show cause, plaintiff filed both her EEOC charge and her right-to-sue letter demonstrating that she had exhausted her administrative remedies. (Doc. 14, 24). Defendant then filed an Amendment to Partial Motion to Dismiss, alleging that, notwithstanding that the plaintiff filed a charge with the EEOC, the plaintiff's ADA claim still was due to be dismissed because she failed to file her lawsuit within ninety days of receiving her right to sue letter. According to the documentation provided by the plaintiff, she filed her EEOC charge on April 18, 2016. Plaintiff's right-to-sue letter was dated and apparently mailed on August 24,

---

[1] Accordingly, to the extent the plaintiff's proposed amended complaint was intended to allege a claim for race discrimination, it is not before the court in this action because a proper amended complaint was never filed.

2017. Plaintiff also filed with the court a note from the EEOC that states, "Copy of Right to Sue Notice is enclosed 12/06/2017." From this, it appears that plaintiff may have requested an *additional* copy of the right-to-sue letter that was mailed to her on or about December 6, 2017. The complaint commencing this action was filed April 6, 2018.

## DISCUSSION

The ADA, 42 U.S.C. 12101, *et seq*, has adopted the same enforcement mechanisms as Title VII. Miller v. Georgia, 223 F. App'x 842, 844 (11th Cir. 2007). Under Title VII, a plaintiff is given ninety days to file her complaint after she *receives* a right-to-sue letter from the EEOC. Id. (citing 42 U.S.C. § 2000e-5(f)(1)). Additionally the right to sue letter that plaintiff received stated in bolded and capitalized font that any "lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**." (Doc. 14, p. 3) (emphasis in original).

In conjunction with her right-to-sue letter, the court can find two potentially relevant dates. The first date is August 24, 2017, the "date mailed" on the actual right-to-sue letter. The second date is December 6, 2017, the date on the letter from the EEOC stating "Copy of Right to Sue Notice is enclosed." The plaintiff has not stated the date she received the right-to-sue letter, so it is presumed that she received the letter within three days of mailing. Kerr v. McDonald's Corp., 427 F.3d 947, 953 n.9 (11th Cir. 2005). Construing the facts in favor of the plaintiff

and assuming that the letter was prepared for mailing on the later date, December 6, 2017, and mailed on or before December 8, 2017[2], the letter would have been received on or about December 11, 2017. From that date until April 6, 2018, when plaintiff filed her complaint, 118 days elapsed. Therefore, plaintiff failed to timely file her complaint after receiving her right-to-sue letter, even assuming the facts most favorable to the plaintiff.

While the ninety-day statutory period under the ADA is not jurisdictional and is subject to equitable tolling, the plaintiff has neither presented evidence that "(1) [she] has been pursuing [her] rights diligently and (2) some extraordinary circumstance stood in [her] way and prevented [her] from timely filing" nor argued that she was entitled to equitable tolling. See Winsor v. Home Depot U.S.A., Inc., 742 F. App'x 335, 338 (11th Cir. 2018). It seems unlikely that she can make the requisite showing, given that the "mailing date" of the right-to-sue letter was August 24, 2017, and that she then sought an additional copy of the right-to-sue letter in December 2017. Both dates are more than ninety days prior to the filing of the complaint in this action. Therefore, the court has no reason to conclude that Plaintiff is entitled to equitable tolling. Accordingly, Plaintiff's claims under the ADA are due to be dismissed.

---

[2] It is EEOC policy to mail the letters within two days of when they are prepared. Kerr v. McDonald's Corp., 427 F.3d 947 (11th Cir. 2005). This means that McLemore's letter was mailed no later than December 8, 2017.

## **CONCLUSION**

Because plaintiff's suit was filed more than ninety days after receipt of her right-to-sue letter, the defendant's Partial Motion to Dismiss is due to be granted, and her claims under the ADA are due to be dismissed with prejudice.

Plaintiff's claim under the Family Medical Leave Act remains pending.

A separate order will be entered.

DONE this 19th day of February, 2019.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE